IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| JOHNNY THOMAS ORTIZ II; JIMMIE GREGORY ROGERS JR.; and WELDON MURPHY<br><br>Plaintiffs,<br>v.<br><br>NORTH CAROLINA STATE BOARD OF ELECTIONS; ALAN HIRSCH, in his official capacity as Chair of the North Carolina State Board of Elections; JEFF CARMON III, in his official capacity as member of the North Carolina State Board of Elections; STACY EGGERS IV, in his official capacity as member of the North Carolina State Board of Elections; KEVIN N. LEWIS, in his official capacity as member of the North Carolina State Board of Elections; SIOBHAN O'DUFFY MILLEN, in her official capacity as member of the north Carolina State Board of Elections; and KAREN BRINSON BELL, in her official capacity as Executive Director of the North Carolina State Board of Elections,<br><br>Defendants. | Civil Action No. 5:24-cv-00420-BO |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

NOW COME the Republican National Committee ("RNC") and the North Carolina Republican Party ("NCGOP") (collectively the "Republican Amici") and submit this memorandum in support their Motion for Leave to File *Amicus Curiae* Brief in Support of Plaintiffs' Motion for Preliminary Injunction ("Motion for Leave") in the above-captioned matter.

1

Republican Amici are both political committees formed for the goal of aiding Republican candidates in their campaigns to get elected. Included in this is the goal that all elections be conducted transparently and according to law. As such, Republican Amici have an interest in ensuring a fair electoral playing field amongst all political parties who meet the legal requirements for recognition, ensuring that North Carolina enforces its voting laws consistently and not arbitrarily, and protecting their campaign resources from politically motivated state action that would serve to disadvantage their interests.

In preparing their proposed *amicus* brief, Republican Amici have drawn on their extensive experience in election law, along with its recent history with the North Carolina State Board of Elections (the "NCSBE"), to provide the Court with additional factual background and legal analysis in support of Plaintiffs' Emergency Motion for Preliminary Injunction. [D.E. 8]. Proposed Amici request that the Court exercise its discretion to grant them leave to file the *amicus curiae* brief attached as Exhibit A to their Motion for Leave.

## ARGUMENT

### I. Legal Standard for Consideration of Requests for Leave to File *Amicus Curiae* Briefs.

District courts have discretion in deciding whether to grant a motion for leave to file an *amicus* brief. *See N.C. Right to Life, Inc. v. Leake*, No. 5:99-CV-798-BO(3), 2000 WL 36741021, at *1 (E.D.N.C. Mar. 13, 2000); *Am. Humanist Ass'n v. Md.-Nat'l Capital Park & Planning Comm'n*, 303 F.R.D. 266, 269 (D. Md. 2014). "The aid of amici curiae has been allowed at the trial level where they provide helpful analysis

of the law, they have a special interest in the subject matter of the suit, or existing counsel is in need of assistance." *Kadel v. Folwell*, No. 1:19CV272, 2022 WL 1046313, at *1 (M.D.N.C. Apr. 7, 2022) (quoting *Bryant v. Better Bus. Bureau of Greater Md., Inc.*, 923 F. Supp. 720, 728 (D. Md. 1996)). "Ultimately, the question is one of utility" with courts granting leave where they "deem[] the proffered information timely and useful." *Id.* at *1 (quoting *Finkle v. Howard Cnty.*, 12 F. Supp. 3d 780, 783 (D. Md. 2014)).

Because no Federal Rule of Civil Procedure governs motions for leave to file *amicus* briefs in district court, "[d]istrict courts . . . often look for guidance to Rule 29 of the Federal Rules of Appellate Procedure." *Am. Humanist Ass'n*, 303 F.R.D. at 269; *accord Democracy N.C. v. N.C. State Bd. of Elections*, No. 1:20CV457, 2020 WL 6589359, at *2 (M.D.N.C. June 30, 2020). Rule 29 requires that a movant for leave to file an *amicus* brief state "the movant's interest" and "the reason why an amicus brief is desirable and why the matters asserted are relevant to the disposition of the case." Fed. R. App. P. 29.

## II. The Court Should Grant Republican Amici's Motion for Leave to File an Amicus Curiae Brief.

The Republican Amici are political committees devoted to aiding Republican candidates in their campaigns for political office, providing thorough support and assistance to current and prospective Republican candidates in areas such as budget planning, election law compliance, fundraising, communications tools and messaging, and research and strategy. As such, the RNC and NCGOP are heavily vested in ensuring that candidates enjoy a fair electoral environment in accord with state

3

election laws and the United States Constitution. *See Democracy N.C.*, 2020 WL 6589359, at *1 (finding that the NRSC has an interest in "preserving North Carolina's voting and election laws"); *cf. N.C. State Conf. of NAACP v. McCrory*, 997 F. Supp. 2d 322, 342 (M.D.N.C. 2014), (noting that political parties "have a direct, particularized interest in the outcome of an election" (citation omitted)) *aff'd in part, rev'd in part and remanded sub nom. League of Women Voters of N.C. v. N.C.*, 769 F.3d 224 (4th Cir. 2014). The Middle District of North Carolina has previously allowed the Republican Amici to appear as *amicus curiae* in matters regarding North Carolina election integrity. *See Democracy N.C.*, 2020 WL 6589359, at *2.

This case directly implicates the Republican Amici's interest in ensuring that (1) the North Carolina ballot includes all qualified candidates, (2) North Carolina enforces its voting laws consistently and not arbitrarily, and (3) the Republican Amici's campaign resources are not adversely affected through politically motivated state action. Plaintiffs have marshalled evidence strongly suggesting that the actions of the Board are a politically motivated effort to unfairly enhance the Democratic Party's electoral prospects in the November 2024 election, to the detriment of the Republican Amici and freedom of choice for the electorate generally. The Republican Amici have an interest in ensuring qualified Justice For All candidates are not categorically excluded from the ballot. *See, e.g.*, *Nat. Law Party of U.S. v. Fed. Elec. Comm'n*, 111 F. Supp. 2d 33, 44 (D.D.C. 2000) ("The inability to compete on an equal footing due to the application of allegedly biased criteria has been recognized in many contexts as an injury in fact [to a political party]" (citing *Ne. Fla. Chapter v. Jacksonville*, 508 U.S. 656 (1993); *Clements v. Fashing*, 457 U.S. 957 (1982))); *Pavek*

4

*v. Simon*, 467 F. Supp. 3d 718, 742 (D. Minn. 2020) (noting that "several circuits" have recognized a direct injury to political parties where "the defendant's actions hurt the candidate's or party's chances of prevailing in an election" (collecting cases)); *Goldman v. Brink*, , 2022 WL 2024745, at *12 (E.D. Va. June 6, 2022) (similar), *aff'd as modified*, -- F.4th --, 2022 WL 2866015 (4th Cir. July 21, 2022).

In its proposed *amicus* brief, the Republican Amici endeavor to aid the Court in deciding the Plaintiffs' Motion. The Republican Amici's brief highlights additional factual background and analyzes legal issues that the Plaintiffs did not address and offers additional case law and arguments on issues that were not fully developed. Specifically, the Republican Amici's *amicus* brief: (1) provides additional detailed background regarding the partisan challenges by the North Carolina Democratic Party and the National Democratic Party-aligned group, Clear Choice Action, to the petitions for recognition submitted by both the Justice For All Party and the We the People Party to the NCSBE; (2) provides additional authority and arguments on the severity of the burden imposed on Plaintiffs' First Amendment rights; (3) provides additional authority and arguments on the failure of the Board to narrowly tailor its investigation into Justice For All's petitions; and (4) analyzes the *Anderson/Burdick* balancing test if strict scrutiny is not applied to the Board's action Granting leave to file an *amicus* brief is appropriate at the trial level where *amicus* "provide[s] helpful analysis of the law" or has "a special interest in the subject matter of the suit." *Kadel*, 2022 WL 1046313, at *1 (quoting *Bryant*, 923 F. Supp. at 728). The Republican Amici provide both here.

5

Case 5:24-cv-00420-BO-BM   Document 37-1   Filed 07/29/24   Page 5 of 8

# CONCLUSION

For the foregoing reasons, The Republican National Committee and the North Carolina Republican Party respectfully request that the Court grant their Motion for Leave to File *Amicus Curiae* Brief in Support of Plaintiffs' Emergency Motion for Preliminary Injunction.

Dated: July 29, 2024

    Respectfully submitted,

*/s/ John E. Branch, III*
John E. Branch, III
N.C. State Bar No. 32598
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
2235 Gateway Access Point, Suite 220
Raleigh, NC 27607
Email: jbranch@bakerdonelson.com
Phone: (984) 844-7907

*Attorney for Proposed Amicus Curiae the Republican National Committee and the North Carolina Republican Party*

## **CERTIFICATE OF SERVICE**

I certify that on this 29th day of July 2024, I caused the foregoing document to be filed and served on all counsel of record by operation of the CM/ECF system for the United States District Court for the Eastern District of North Carolina.

> */s/ John E. Branch, III*
> John E. Branch, III
> N.C. State Bar No. 32598
> Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
> 2235 Gateway Access Point, Suite 220
> Raleigh, NC 27607
> Email: jbranch@bakerdonelson.com
> Phone: (984) 844-7907

## CERTIFICATE OF COMPLIANCE WITH WORD COUNT

I certify that Republican Amici's Memorandum in Support of Motion for Leave to File *Amicus Curiae* Brief complies with the Word Limit requirement contained in Eastern District of North Carolina Local Rules 7.2(f)(3), in that it contains 1231 words using the word count function in Microsoft Word.

This the 29th day of July 2024.

    */s/ John E. Branch, III*
John E. Branch, III
N.C. State Bar No. 32598
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
2235 Gateway Access Point, Suite 220
Raleigh, NC 27607
Email: jbranch@bakerdonelson.com
Phone: (984) 844-7907