| | |
|---|---|
| JOHNNY THOMAS ORTIZ II, JIMMIE GREGORGY ROGERS, JR. and WELDON MURPHY,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>NORTH CAROLINA STATE BOARD OF ELECTIONS, ALAN HIRSCH, in his official capacity as Chair of the North Carolina State Board of Elections, JEFF CARMON III, in his official capacity as Member of the North Carolina State Board of Elections, STACY EGGERS IV, in his official capacity as Member of the North Carolina State Board of Elections, KEVIN N. LEWIS in his official capacity as Member of the North Carolina State Board of Elections, SIOBHAN O'DUFFY MILLEN in her official capacity as Member of the North Carolina State Board of Elections, and KAREN BRINSON BELL, in her official capacity as Executive Director of the North Carolina State Board of Elections,<br><br>　　　　　Defendants. | **MEMORANDUM OF LAW IN SUPPORT OF MOTION TO INTERVENE AS PLAINTIFFS** |

## INTRODUCTION

Proposed Intervenors Dr. Cornel West, Italo Medelius and North Carolina Justice for All Party ("JFA") (collectively, "Proposed Intervenors") respectfully request leave, pursuant to Federal Rule of Civil Procedure 24, to intervene in this action as Plaintiffs. A group of voters who support JFA initiated this action to challenge Defendant North Carolina State Board of Elections' ("the Board") failure to certify JFA as a new political party despite its timely compliance with all applicable provisions of North Carolina law. (Complaint for Declaratory and Injunctive Relief

(ECF No. 1) ("Compl."), ¶ 1.) Plaintiffs allege that they want to vote for JFA's nominees in the November 2024 general election, that the Board's failure to certify JFA makes it impossible for them to do so, and they assert claims for the violation of their First and Fourteenth Amendment rights. (Compl. ¶ 2.) Plaintiffs request declaratory and injunctive relief as necessary to ensure that JFA's nominees appear on North Carolina's 2024 general election ballot. (Compl. 17-18.)

Proposed Intervenors are direct participants in the matters giving rise to this lawsuit – indeed, they are the principal parties in interest. They easily satisfy all factors that courts consider when deciding whether to permit intervention. The Court should therefore grant Proposed Intervenors' Motion and permit them to intervene in this action as plaintiffs.

## ARGUMENT

### I. Proposed Intervenors Are Entitled to Intervene as a Matter of Right Under Rule 24(a)(2).

Proposed Intervenors are entitled to intervene in this action as of right. First, their motion is timely. Second, Proposed Intervenors have a strong interest in obtaining relief from the unconstitutional application of North Carolina's election laws, which has prevented them from participating in the November 2024 general election despite their timely qualification as a new party under those laws. Third, the denial of their motion would impair or impede Proposed Intervenors' ability to protect their interests. Finally, Proposed Intervenors' interests are not adequately represented by Plaintiffs, because Plaintiffs lack information and evidence that Proposed Intervenors have, which may be necessary to prove Plaintiffs' claims and obtain appropriate relief. Fed. R. Civ. P. 24(a)(2); *Teague v. Bakker*, 931 F.2d 259, 260-61 (4th Cir. 1991).

In the Fourth Circuit, "liberal intervention is desirable to dispose of as much of a controversy involving as many apparently concerned persons as is compatible with efficiency and due process." *Feller v. Brock*, 802 F.2d 722, 729 (4th Cir. 1986) (internal quotation marks omitted).

2

Political parties are routinely granted intervention in cases concerning election rules and procedures.[1] This case is no different from the many that have come before it. Proposed Intervenors should be permitted to intervene as of right to protect their unique interest as active participants in North Carolina's election landscape.

### A. Proposed Intervenors' Motion Is Timely.

There is no question Proposed Intervenors' motion is timely, filed just days after the Complaint in this action and before any responsive pleadings have been filed. Indeed, Proposed Intervenors seek to intervene at the earliest possible stage of the lawsuit. No prejudice will accrue to Plaintiffs or Defendants if Proposed Intervenors are permitted to join at this stage, and Plaintiffs expressly consent to Proposed Intervenors' intervention. Because there has been no delay at all, Proposed Intervenors clearly meet this requirement. *See generally Alt v. U.S. E.P.A.*, 758 F.3d 588, 591 (4th Cir. 2014) (setting forth factors to consider under this element). Proposed Intervenors recognize the time-sensitive nature of the underlying Complaint and are prepared to comply with any schedule the Court may set.

### B. Proposed Intervenors Have Significant Protectable Interests in This Litigation.

To intervene as of right, a movant must have "a significantly protectable interest" in the outcome of the lawsuit. *Teague*, 931 F.2d at 261-62 (quoting *Donaldson v. United States*, 400 U.S. 517, 531 (1971)). The movant should "stand to gain or lose" from the "legal operation" of the

---

[1] *See, e.g.*, *Thomas v. Andino*, 335 F.R.D. 364, 370 (D.S.C. 2020); *La Union del Pueblo Entero v. Abbott*, 29 F.4th 299, 304 (5th Cir. 2022); *Black Voters Matter Fund v. Raffensperger*, Doc. 42, No. 1:20-cv-4869 (N.D. Ga. Dec. 9, 2020); *Alliance for Retired Americans v. Dunlap*, No. CV-20-95 (Me. Super. Ct. Aug. 21, 2020); *Mi Familia Vota v. Hobbs*, Doc. 25, No. 2:20-cv-1903 (D. Ariz. June 26, 2020); *Ariz. Democratic Party v. Hobbs*, Doc. 60, No. 2:20-cv-1143 (D. Ariz. June 26, 2020); *Swenson v. Bostelmann*, Doc. 38, No. 20-cv-459 (W.D. Wis. June 23, 2020); *Edwards v. Vos*, Doc. 27, No. 20-cv-340 (W.D. Wis. June 23, 2020); *League of Women Voters of Minn. Ed. Fund v. Simon*, Doc. 52, No. 20-cv-1205 (D. Minn. June 23, 2020); *Priorities USA v. Nessel*, 2020 WL 2615504, at *5 (E.D. Mich. May 22, 2020); *Thomas v. Andino*, 2020 WL 2306615, at *4 (D.S.C. May 8, 2020); *Corona v. Cegavske*, Order Granting Mot. to Intervene, No. CV 20-OC-644-1B (Nev. 1st Jud. Dist. Ct. Apr. 30, 2020); *League of Women Voters of Va. v. Va. State Bd. of Elections*, Doc. 57, No. 6:20-cv-24-NKM (W.D. Va. Apr. 29, 2020); *Democratic Nat'l Comm. v. Bostelmann*, 2020 WL 1505640, at *5 (W.D. Wis. Mar. 28, 2020).

3

judgment of that action. *Id.* While intervenors are not required to establish the heightened Article III standing requirement to intervene, the Fourth Circuit has explained that "standing case[s]" "inform[] our analysis of whether [] Proposed Intervenors have a sufficient interest under Rule 24(a)(2)." *N.C. State Conf. of NAACP v. Berger*, 970 F.3d 489, 503 (4th Cir. 2020), *aff'd on reh'g en banc*, 999 F.3d 915 (4th Cir. 2021), *rev'd on other grounds sub nom. Berger v. N.C. State Conf. of the NAACP*, 142 S. Ct. 2191 (2022); *see also Ruiz v. Estelle*, 161 F.3d 814, 832 (5th Cir. 1998) (explaining the relationship between standing and Rule 24(a) intervention but holding that intervenors need not meet the heightened standard).

Here, Proposed Intervenors undoubtedly have significant protectable interests in this action, because its resolution will determine whether they are able to participate in North Carolina's November 2024 general election. Plaintiffs' fundamental First Amendment rights are therefore at stake. *See Williams v. Rhodes*, 393 U.S. 23, 30 (1968). As the Supreme Court has explained:

> The right to form a party for the advancement of political goals means little if a party can be kept off the election ballot and thus denied an equal opportunity to win votes. So also, the right to vote is heavily burdened if that vote may be cast only for one of two parties at a time when other parties are clamoring for a place on the ballot.

*Id.*; *see also N.C. State Conf. of NAACP v. McCrory*, 997 F. Supp. 2d 322, 342 (M.D.N.C. 2014) (recognizing political parties have a "direct, particularized interest in the outcome of an election"), *aff'd in part, rev'd in part on other grounds, League of Women Voters of N.C.*, 769 F.3d 224 (4th Cir. 2014), *cert. denied*, 135 S. Ct. 1735 (2015).

The injury to Proposed Intervenors' First Amendment rights is a protectable interest that is independently sufficient to warrant their intervention in this matter. Additionally, however, Proposed Intervenors expended substantial funds and resources on their petition drive, only to have the Board decline to certify JFA, thus preventing JFA from placing its nominees on the 2024

4

general election ballot. That injury is also sufficient to establish Proposed Intervenors' standing to challenge the Board's action. *See People for Ethical Treatment of Animals, Inc. v. Tri-State Zoological Park of W. Md., Inc.*, 843 F. App'x 493, 496 (4th Cir. 2021) ("[T]his court has reaffirmed that a plaintiff has suffered an organizational injury if the challenged policy or practice frustrated both its purpose and caused a drain on its resources."); *Disability Rights N.C. v. N.C. State Bd. of Elections*, No. 5:21-CV-361-BO, 2022 WL 2678884, at *3 (E.D.N.C. July 11, 2022) ("Where an organization experiences a 'perceptible' diversion of resources and frustration of purpose, it may seek redress in its own right through organizational standing."). Courts regularly recognize a drain of campaign resources as a cognizable legal interest of political parties. *See, e.g.*, *Tex. Democratic Party v. Benkiser*, 459 F.3d 582, 586 (5th Cir. 2006) (holding the state party had legal interest in the case because the party "would need to raise and expend additional funds and resources to prepare a new and different campaign in a short time frame" if an opposing candidate was replaced on the ballot); *Lee v. Va. State Bd. of Elections*, 188 F. Supp. 3d 577, 584 (E.D. Va. 2016) (finding the Democratic Party of Virginia "has shown sufficient injury primarily in the form of diversion of time, talent, and resources" in response to challenged practice), *aff'd*, 843 F.3d 592 (4th Cir. 2016).

### C. Denying Intervention Will Impair Proposed Intervenors' Ability to Protect Their Interests.

The disposition of Plaintiffs' lawsuit also may, "as a practical matter," impair or impede Proposed Intervenors' ability to protect their interests. Fed. R. Civ. P. 24(a)(2). This lawsuit will determine whether the Board's failure to certify JFA as a party, thus blocking its candidates from the ballot despite JFA's timely compliance with all relevant provisions of North Carolina law, was unconstitutional. Given the shortness of time – the Board must finalize and print ballots for mailing overseas imminently – Plaintiffs have requested that this Court issue a ruling on their

5

request for preliminary relief no later than August 19, 2024. If Proposed Intervenors are not permitted to intervene here, it is unlikely they will be able to assert their claims or obtain timely relief in any other proceeding.

### D. Proposed Intervenors' Interests Are Not Adequately Represented by Plaintiffs.

Proposed Intervenors' interests are not adequately represented by the existing Plaintiffs in this case. Demonstrating Plaintiffs' inadequacy to represent Proposed Intervenors' interests "present[s] [the] proposed intervenors with only a minimal challenge." *Berger v. N.C. State Conf. of the NAACP*, 142 S. Ct. 2191, 2203 (2022); *see also Teague*, 931 F.2d at 262 (explaining that the burden of "demonstrating a lack of adequate representation" is "minimal"). To meet this requirement, intervenors need only show that "representation of [their] interest *may* be inadequate," *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972). It is not enough that the proposed intervenors may have "related" interests with an existing party. *Berger*, 142 S. Ct. at 2204. And a court need only find "sufficient doubt about the adequacy of representation to warrant intervention." *Trbovich*, 404 U.S. at 538.

Here, the relief that Plaintiffs request is intended to benefit Proposed Intervenors directly. Specifically, Plaintiffs seek relief sufficient to certify JFA as a party and place Dr. West on North Carolina's 2024 general election ballot as JFA's nominee. (Compl. at 17-18.) While Plaintiffs undoubtedly have standing to seek such relief in their capacities as voter-supporters of JFA, Proposed Intervenors have an independent interest in being party to any proceeding in which such relief may be granted. Only as parties to this action will Proposed Intervenors gain a legal right to the enforcement of any order this Court may enter granting the Plaintiffs' relief. Additionally, Plaintiffs did not specifically request relief relating to Mr. Gist, JFA's nominee for Mayor of Winston-Salem, and Proposed Intervenors do request such relief.

Furthermore, Plaintiffs' Complaint alleges certain facts "upon information and belief" that pertain directly to Proposed Intervenors. For example, Plaintiffs allege that JFA timely held a nomination convention and nominated Dr. West, (Compl. ¶ 28); that Dr. West timely submitted a Notice of Candidacy and paid his filing fee, (Compl. ¶ 29); and that JFA timely provided the Board with all information requested during its alleged investigation of JFA's nomination petitions. (Compl. ¶¶ 25, 37). It is likely that Plaintiffs will need to prove – or at least present evidence for – these factual allegations to obtain preliminary relief. But the relevant evidence is in Proposed Intervenors' personal knowledge and possession. Proposed Intervenors' interests are not adequately represented by Plaintiffs.

## II. The Proposed Intervenors Are Also Entitled to Permissive Intervention.

Even if Proposed Intervenors were not entitled to intervene as of right, permissive intervention would be warranted under Fed. R. Civ. P. 24(b). "On timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1). "Permissive intervention [under Rule 24(b)] is left to the broad discretion of the Court and should be construed liberally in favor of intervention." *Thomas v. Andino*, 335 F.R.D. 364, 369; *accord Feller*, 802 F.2d at 729 (noting the Fourth Circuit's preference for "liberal intervention"). In exercising its discretion, the Court must consider "whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

For the reasons set forth above, the motion is timely, intervention will not unduly delay or prejudice the adjudication of the rights of the original parties, and Proposed Intervenors are not adequately represented by the existing Plaintiffs. Proposed Intervenors will undoubtedly raise common questions of law and fact in defending this lawsuit—Plaintiffs' Complaint arises entirely

from the Board's failure to certify JFA despite JFA's timely compliance with all applicable provisions of North Carolina law. (Compl. ¶¶ 1-2.) Plaintiffs' pleading thus makes clear the direct stake that Proposed Intervenors have in this case.

Beyond that, Proposed Intervenors' interests implicate the most fundamental First Amendment rights, *see Williams*, 393 U.S. at 30, as well as the choices presented to American voters in the 2024 presidential election. This federal suit directly impacts those rights. Proposed Intervenors therefore should be permitted to intervene in this case.

## CONCLUSION

For the reasons stated above, Proposed Intervenors respectfully request that the Court grant their Motion to Intervene as a matter of right under Fed. Rule of Civ. P. 24(a)(2) or, in the alternative, permit them to intervene under Fed. Rule of Civ. P. 24(b).


Dated: July 29, 2024

Respectfully submitted,

/s/Christopher R Lusby
Lusby Law PA
2860-A Ward Blvd
Wilson, NC 27893
252-221-3223
www.lusbylaw.com
State Bar No: 52274

Melissa Cowan
More Voter Choice Fund Inc.
8 Mosher Place
West Hurley, NY 12491
845-706-3303
melissa@morevoterchoicefund.org
State Bar Number: 5441860

Oliver B. Hall*
CENTER FOR COMPETITIVE DEMOCRACY
P.O. Box 21090
Washington, D.C. 20009
202-248-9294
oliverhall@competitivedemocracy.org
D.C. Bar No. 976463

*Counsel for Proposed Intervenors*
\*Notice of Special Appearance Forthcoming

## CERTIFICATE OF SERVICE

      I hereby certify that on July 29, 2024, the foregoing document was filed using the Court's CM/ECF system, which will effect service upon all counsel of record.

Dated: <u>July 29, 2024</u>                                                      <u>/s/Christopher Lusby</u>
                                                                                             Christopher Lusby