UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Case No. 5:24-cv-00420-BO-BM

| | |
|---|---|
| JOHNNY THOMAS ORTIZ, II, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| and ) | |
| ) | **MEMORANDUM OF LAW** |
| CORNELL WEST, et al., ) | **IN SUPPORT OF** |
| ) | **STATE BOARD DEFENDANTS'** |
| Intervenor-Plaintiffs, ) | **MOTION TO DISMISS** |
| ) | |
| v. ) | |
| ) | |
| NORTH CAROLINA STATE BOARD OF ) | |
| ELECTIONS, et al., ) | |
| ) | |
| Defendants. ) | |

NOW COME Defendants, the North Carolina State Board of Elections, Alan Hirsch, Jeff Carmon, III, Siobhan Millen, Stacy Eggers, IV, Kevin Lewis, and Karen Brinson Bell, named in their official capacities only ("Defendants" or "State Board Defendants"), through counsel, to provide this memorandum in support of their motion to dismiss Plaintiffs' and Intervenor-Plaintiffs' Complaints [D.E. 1, 56] as moot.

## NATURE OF THE CASE

Plaintiffs are voters who filed the present suit to compel the State Board of Elections to certify the Justice for All Party ("JFA") as a political party in North Carolina under N.C.G.S. § 163-96(a) and to place JFA's chosen candidates on the ballot for the November 2024 general election after the State Board determined that the party failed to meet the necessary qualifications to be certified. [D.E. 1, ¶¶ 1, 2, 7-9, pp 17-18]. The party itself, along with its presidential candidate Dr. Cornell West and vice-presidential candidate Melina Abdullah, would later

intervene as plaintiffs. [D.E. 44, 55, 56]. The election about which Plaintiffs and Intervenor-Plaintiffs sought relief, the November 2024 general election, has come and gone, and JFA will no longer be a certified political party in this State because it did not meet the necessary minimum level of support to remain certified pursuant to N.C.G.S. §§ 163-196(a)(1) and -97. As such, regardless of whether the State Board was correct or incorrect in its initial determination to deny JFA certification as a party, all claims and relief requested arising under N.C.G.S. § 163-96(a)(1) are now moot, including a request for declaratory relief. This Court should therefore dismiss the present action under Rule 12(b)(1) of the Rules of Civil Procedure.

## STATEMENT OF FACTS

Prior to bringing the present action, Plaintiffs signed a petition asking the State Board to certify the JFA as a political party in this State, giving the party access to North Carolina's ballot. [D.E. 1, ¶¶ 2, 7-9]. The State Board is the state agency tasked with administering elections. *See generally* N.C.G.S. § 163-22. Included in the State Board's duties is the authority to certify political parties under N.C.G.S. § 163-96(a), which in turn allows the parties' chosen, eligible candidates access to North Carolina's ballot. After considering the validity of the petition signatures filed with it, the State Board denied JFA's petition for certification. [D.E. 30-1, ¶¶ 24-30].

Plaintiffs filed this action on July 22, 2024 in the run up to the November 2024 general election, asserting in their Complaint injuries based upon their desire to see JFA recognized as a political party in North Carolina and to have JFA's presidential and vice-presidential candidates placed on the 2024 general election ballot. [D.E. 1, ¶¶ 2, 7-9]. Plaintiffs sought declaratory and injunctive relief, specifically requesting that the Court order the State Board to certify JFA as a

2

political party ahead of that election and to place JFA's chosen candidates, including their presidential candidate, Dr. West, appear on the ballot for that election. *Id.*, pp 17-18.

On August 12, 2024, this Court ordered that JFA, Dr. West, and vice-presidential candidate Abdullah be granted intervenor status. [D.E. 55, 56]. Intervenor-Plaintiffs' Complaint incorporated by reference the relief requested by Plaintiffs. [D.E. 56, p 5].

Also on August 12, 2024, upon motion by Plaintiffs and following hearing held earlier on July 30, 2024, this Court issued a preliminary injunction ordering the State Board to certify JFA as a new political party in North Carolina pursuant to N.C.G.S. § 163-96(a)(2) and to include JFA's chosen, eligible candidates on the November 2024 general election ballot. [D.E. 56, pp 29-30].

As ordered, the State Board certified JFA as a political party on August 20, 2024, and thus, their chosen, eligible candidates, including presidential candidate Dr. West and vice-presidential candidate Abdullah, appeared on North Carolina's November 2024 general election ballot.[1]

For JFA to maintain its status as a certified political party, its presidential candidate[2] was required to get at least two percent of the votes cast for that office in the November 2024 election. *See* N.C.G.S. § 163-96(a)(1) ("A political party within the meaning of the election laws

---

[1]  N.C. State Bd. of Elections Website, Press Release: State Board Recognizes Justice for All as Official Political Party in N.C. (Aug. 20, 2024), *available at* https://www.ncsbe.gov/news/press-releases/2024/08/20/state-board-recognizes-justice-all-official-political-party-nc (last visited Dec. 27, 2024); *see also Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (providing courts "may properly take judicial notice of matters of public record"); *Blue Tree Hotels v. Starwood Hotels & Resorts*, 369 F.3d 212, 217 (2d Cir. 2004) (concluding courts "may also look to public records, including complaints filed in state court, in deciding a motion to dismiss"); *see also* Fed. R. Evid. 201.

[2]  JFA did not run a gubernational candidate.

3

Case 5:24-cv-00420-BO-BM    Document 67    Filed 01/02/25    Page 3 of 8

of this State shall be . . . [a]ny group of voters which, at the last preceding general State election, polled for its candidate for Governor, or for presidential electors, at least two percent (2%) of the entire vote cast in the State for Governor or for presidential electors"); *see also id.* § 163-97 ("When any political party fails to meet the test set forth in G.S. 163-96(a)(1), it shall cease to be a political party within the meaning of the primary and general election laws and all other provisions of this Subchapter."). The 2024 election is now over, and the results have been certified.[3] JFA's presidential candidate lost, receiving only 0.021 percent of the votes cast for that office.[4] JFA will no longer be a certified political party in this State. *See id.*

In addition to seeking injunctive and declaratory relief, Plaintiffs requested in their Complaint and have filed a motion for an award of reasonable attorney's fees and litigation costs pursuant to 42 U.S.C. § 1988. [D.E. 1, p 18; D.E. 61].

## **LEGAL STANDARD**

The standard of review for lack of subject matter jurisdiction pursuant to a motion to dismiss under Rule 12(b)(1) of the Rules of Civil Procedure is set forth generally in *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). Plaintiffs bear the burden of proving subject matter jurisdiction on a motion to dismiss. *Id*. "Generally, when a defendant challenges subject matter jurisdiction via a Rule 12(b)(1) motion to dismiss, the district court may regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting

---

[3] N.C. State Bd. of Elections Website, Press Release: State Board Unanimously Certifies 2024 General Election (Nov. 26, 2024), *available at* https://www.ncsbe.gov/news/press-releases/2024/11/26/state-board-unanimously-certifies-2024-general-election (last visited Dec. 29, 2024).

[4] N.C. State Bd. of Elections Website, 11/05/ Official Gen. Election Results – Statewide: U.S. President, *available at* https://er.ncsbe.gov/?election_dt=11/05/2024&county_id=0&office=FED&contest=1393 (last visited Dec. 27, 2024).

4

the proceeding to one for summary judgment." *Velasco v. Gov't of Indon.*, 370 F.3d 392, 398 (4th Cir. 2004) (citing *Bain*, 697 F.2d at 1219, *and Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999)).

## ARGUMENT

**THE COURT SHOULD DISMISS THIS ACTION FOR LACK OF SUBJECT MATTER JURISDICTION BECAUSE IT IS MOOT.**

As there is no justiciable issue in this case, it should be dismissed for lack of jurisdiction under Rule 12(b)(1). "When a case or controversy ceases to exist, the litigation is moot, and the court's subject matter jurisdiction ceases to exist also." *S.C. Coastal Conservation League v. United States Army Corps of Eng'rs*, 789 F.3d 475, 482 (4th Cir. 2015) (*per curiam*). A case can become moot due either to a change in the facts or a change in the law. *Ross v. Reed*, 719 F.2d 689, 693-94 (4th Cir. 1983).

"A claim for injunctive relief is moot when there is no effective relief available in federal court." *SAS Inst., Inc. v. World Programming Ltd.*, 874 F.3d 370, 389 (4th Cir. 2017). "Mootness has been described as the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." *Arizonans for Official English v. Arizona,* 520 U.S. 43, 68 n.22 (1997). "A claim is moot when the parties lack a legally cognizable interest in the outcome." *SAS Inst., Inc.*, 874 F.3d at 389; *see also Powell v. McCormack*, 395 U.S. 486, 496 (1969) ("A case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.").

In the Complaint, Plaintiffs allege that the State Board Defendants violated their First and Fourteenth Amendment rights when the State Board denied certification to JFA as a new political party. [D.E. 1, ¶¶ 69-80; *accord* D.E. 56, p 5 (incorporating by reference in Intervenor-

Plaintiffs' Complaint, Count I and Count II of Plaintiffs' Complaint)]. Based upon this claim that certification was unlawfully denied, Plaintiffs requested (1) a declaratory judgment regarding the State Board's failure to certify JFA as a new political party; (2) an injunction ordering the State Board to certify JFA ahead of the 2024 general election; and 3) an injunction ordering the State Board to place JFA's chosen, eligible candidates on the 2024 general election ballot. [D.E. 1, pp 17-18; *accord* D.E. 56, p 5 (incorporating by reference in Intervenor-Plaintiffs' Complaint the relief sought by Plaintiffs)]. Much of this relief was temporal, in that it was tied to the November 2024 general election. However, because the election has now passed, and JFA failed to meet the minimum level of support required under North Carolina law to remain certified as a political party, the underlying legal question before the Court, whether the State Board Defendants acted unlawfully, is no longer a live controversy. As such, the legal claims at issue are moot, no further relief remains available, and it would be a waste of resources for the parties and the Court if this litigation were to continue.

      A case can "become moot if subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *United States v. Concentrated Phosphate Exp. Ass'n*, 393 U.S. 199, 203 (1968). Generally, "'[c]ompliance with the provisions of a preliminary injunction . . . does not render moot [Plaintiffs'] underlying claims' because 'if the injunction is dissolved without a decision on the merits, there is nothing to keep defendants from resuming the activity that had been restrained by the preliminary injunction.'" *Marie v. Mosier*, 122 F. Supp. 3d 1085, 1102 (D. Kan 2015) (internal quotation marks and citations omitted) (second alteration in original). This is true unless, "it is absolutely clear, absent the injunction, that the allegedly wrongful behavior could not reasonably be expected to recur." *Id*.

6

Case 5:24-cv-00420-BO-BM   Document 67   Filed 01/02/25   Page 6 of 8

(quoting *Vitek v. Jones*, 445 U.S. 480, 487 (1980) (quoting *Concentrated Phosphate*, 393 U.S. at 203)).

That is precisely what happened in this case. Here again, JFA was certified as a political party, but through subsequent events unrelated to this litigation, it has failed to maintain that status and it would be unreasonable to expect these circumstances to reoccur. To present a viable case for continued party recognition, JFA would have to start the petition-gathering process anew and present those petitions to the county boards of elections and the State Board for review. *See generally* N.C.G.S. § 163-96.

Because subsequent events have rendered the underlying claims moot, there is no relief that can be granted by this Court in this action. And, in this case, there is no ongoing injury as required for declaratory or injunctive relief.

Plaintiffs' and Intervenor-Plaintiffs' Complaints are therefore moot, and this action should be dismissed as moot under Rule 12(b)(1).

## **CONCLUSION**

For the foregoing reasons, the present action should be dismissed.

Respectfully submitted this the 2nd day of January, 2024.

NORTH CAROLINA
DEPARTMENT OF JUSTICE

/s/ Terence Steed
Terence Steed
Special Deputy Attorney General
N.C. State Bar No. 52809
E-mail: tsteed@ncdoj.gov

Mary Carla Babb
Special Deputy Attorney General
N.C. State Bar No. 25731
E-mail: mcbabb@ncdoj.gov

7

N.C. Department of Justice
Post Office Box 629
Raleigh, North Carolina 27602-0629
Telephone: (919) 716-6567
Facsimile: (919) 716-6763

*Attorneys for State Board Defendants*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.2(f)(3)

Undersigned counsel certifies that this memorandum of law complies with Local Rule 7.2(f)(3) in that the brief, including headings, footnotes, citations, and quotations, contains no more than 30 pages.

This 2nd day of January 2025.

/s/ Terence Steed
Terence Steed
Special Deputy Attorney General