IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Case No. 5:24-cv-00420-BO-BM

| | |
|---|---|
| JOHNNY THOMAS ORTIZ, II, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| and ) | |
| ) | **MOTION TO STAY OR** |
| CORNELL WEST, et al., ) | **EXTEND TIME TO RESPOND** |
| ) | |
| Intervenor-Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| NORTH CAROLINA STATE BOARD OF ) | |
| ELECTIONS, et al., ) | |
| ) | |
| Defendants. ) | |

NOW COME Defendants, the North Carolina State Board of Elections, Alan Hirsch, Jeff Carmon, III, Siobhan Millen, Stacy Eggers, IV, Kevin Lewis, and Karen Brinson Bell, named in their official capacities only ("Defendants" or "State Board Defendants"), through undersigned counsel, requesting that this Court stay this matter with respect to all proceedings until the Supreme Court of the United States issues its ruling the matter of *Lackey v. Stinnie*, Case No. 23-621, heard at oral argument on Oct. 8, 2024, with a decision likely to come this summer. The resolution of the issues in that decision are likely to directly impact the positions of the parties on the pending motion for attorneys' fees and motion to dismiss, up to and including resolving the issues here without the need for any further litigation.

In further support, State Board Defendants show the following:

1. On July 22, 2024, Plaintiffs filed their Complaint and an Emergency Motion for

Preliminary Injunction. [D.E. 1, 8].

2. On July 29, 2024, Intervenor-Plaintiffs filed their Motion to Intervene, attaching a proposed Complaint. [D.E. 44].

3. On August 12, 2024, the Court entered an Order granting in part and denying in part Plaintiffs' Emergency Motion for Preliminary Injunction. [D.E. 55]. By that Order, the Court also granted the Motion to Intervene and directed the Clerk of Court to file Intervenor-Plaintiffs' Complaint. *Id.* The Clerk of Court filed Intervenor-Plaintiffs' Complaint that same day. [D.E. 56].

4. As a result, the Justice For All Party was recognized and Dr. Cornell West appeared on the North Carolina ballot as a presidential candidate. *See* NC SBE Contest Results, https://er.ncsbe.gov/?election_dt=11/05/2024&county_id=0&office=FED&contest=1393 (last visited Feb. 18, 2025).

5. On August 23, 2024, Plaintiffs filed a Consent Motion for Extension of Time to File a Motion for Award of Attorneys' Fees and Cost, requesting that the deadline to request fees and cost be extended until forty-five days after entry of final judgment in the present action. [D.E. 57]. On September 8, 2024, the Court granted Plaintiffs' motion, directing that "the parties shall have up to and included 45 days after entry of final judgment in this matter to file any motion for an award of attorneys' fees and costs." [D.E. 59].

6. Despite the order allowing for fees to wait until after final judgment, Plaintiffs filed a motion for attorneys' fees on October 28, 2024. [D.E. 61]. Pursuant to L. Rule 7.1(f)(1), Defendants' response to that motion was originally due on or before November 18, 2024.

7. With the consent of Plaintiffs, Defendants moved for and received a sixty-day extension of the deadline for a response to Plaintiffs' Motion for Attorneys' Fees and Cost, such that their response is now due on or before January 17, 2025. [D.E. 63, 65].

8. On January 2, 2025, State Board Defendants filed a motion to dismiss this action, arguing that this action is moot. [D.E. 66, 67].

9. On January 16, 2025, with the consent of Plaintiffs, State Board Defendants' filed a second motion for extension of time to respond to Plaintiffs' motion for fees, citing the ongoing obligations in other matters and ongoing negotiations between the parties. [D.E. 68]. The motion sought a new deadline of February 17, 2025. *Id.*

10. On January 17, 2025, with the consent of State Board Defendants, Plaintiffs and Intervenor-Plaintiffs filed a joint consent motion for extension of time to respond to State Board Defendants' motion to dismiss. [D.E. 69]. The motion sought a new deadline of February 24, 2025. *Id.*

11. Both motions for extension remain pending before the Court.

12. Throughout the time period since the filing of the motion for fees, the parties have engaged in negotiations about resolution of the fees and the larger action as a whole. As of this date, those negotiations have been unsuccessful, the Plaintiffs and State Board Defendants appear to be at an impasse due to the unresolved issues surrounding Plaintiffs' entitlement to fees under the current procedural posture of this case.

13. However, litigation is not the only avenue to resolve the impasse. Those issues are directly confronted in the matter of *Lackey v. Stinnie*, Case No. 23-621, currently before the Supreme Court of the United States. That case has already been briefed and argued. *Id.*

14. The two questions presented in *Stinnie* are as follows and facially demonstrate how motions for fees in this action are likely to be impacted by any ruling from the Supreme Court:

> 1. Whether a party must obtain a ruling that conclusively decides the merits in its favor, as opposed to merely predicting a likelihood of later success, to prevail on the merits under 42 U.S.C. § 1988.

2. Whether a party must obtain an enduring change in the parties' legal relationship from a judicial act, as opposed to a non-judicial event that moots the case, to prevail under 42 U.S.C. § 1988.

*See id.,* Petitioner's Merits Brief, p. 2 – Questions Presented,

https://www.supremecourt.gov/DocketPDF/23/23-621/315393/20240620153253332_Stinnie%20Merits%20Brief_Final.pdf (last visited Feb. 18, 2025).

15. It is expected that the Supreme Court of the United States will decide the intervention issue this term – by around June 30, 2025. When that ruling is issued it will likely resolve the issues that currently divide the parties in this action, leading to a more productive negotiation over fees and, if that is successful, possibly resulting in a resolution of the motion to dismiss without the need for further litigation.

16. As a result, it is respectfully submitted that this matter should be stayed to allow the Supreme Court to rule. Proceeding to litigate either on the fees motion or the motion to dismiss in the current posture of this case presents a significant risk of a waste of judicial effort. It could also lead to potential harm to the parties in the form of additional time and cost devoted to a case that has the potential to be resolved through negotiations. A stay, however, presents no harm.

17. Further litigation on the motion for fees and motion to dismiss will be costly and time consuming. As part of the briefing on fees, the parties will be forced to address the decision of the Fourth Circuit in *Stinnie v. Holcomb*, 77 F.4th 200 (4th Cir. 2023), and its application here, while the Supreme Court is potentially revising that decision. This Court would be forced to confront the same issues under the same uncertainty. Resolution of those issues is certain to impact this case and will likely resolve the differences between the parties and lead to more production negotiations.

18. The relief requested here will not affect the status quo. The election about which Plaintiffs and Intervenor-Plaintiffs sought preliminary injunctive relief, the November 2024 general election, has come and gone, and the Justice For All Party will no longer be a certified political party in this State, not because of anything that comes from this action, but because it did not meet the necessary minimum level of support in the recent election to remain certified pursuant to N.C.G.S. §§ 163-96(a)(1) and -97. Thus, delaying the current issues before the Court in this case by approximately five months will have little to no impact on the relevant positions of the parties.

19. For these reasons, State Board Defendants respectfully submit that it would be in the interests of efficiency and judicial economy, and that no party would be harmed, if a stay is granted.

20. In the alternative, if this Court disagrees with this argument, State Board Defendants respectfully request a 60 day extension of their time to respond to Plaintiffs' motion for fees.

21. In addition to the negotiations between the parties, and the same reasoning above supporting a stay, undersigned counsel for the State Board have also not had time to prepare a response to the motion for fees based on obligations in other matters over the last month. This includes, but is not limited to the following:

   a. Drafting an appellant's brief and reply brief (filed January 15 and February 3) and drafting a petition response (filed January 21) in *Griffin v. N.C. State Board of Elections*, Nos. 230P24 (N.C.); 5:24-cv-00724 (E.D.N.C.), and 25-1018, -1019, -1024 (4th Cir.);

   b. Drafting a short opening brief (filed January 30), drafting three briefs in response to petitions for judicial review (filed February 3), preparing for and arguing in a hearing (held February 7); drafting a response to a motion to expedite (filed February 12) in *Griffin v. N.C. State Board of Elections*, Nos. 24CV040619, 040620, 040622 (Wake Super. Ct.), P25-104 (N.C. Ct. App.),

5

5:24-cv-00731 (E.D.N.C.), and 25-1020 (4th Cir.);

c. Drafting a response to a motion for a temporary restraining order and preliminary injunction (submitted January 10), preparing for and arguing in a hearing on the motion (held January 10), drafting a motion for stay (filed January 15), drafting a motion for an indicative ruling to the district court (filed February 13), drafting a petition response to the North Carolina Supreme Court (due February 18), and drafting an opening brief to the Fourth Circuit (also due February 18) in *Kivett, et al., v. N.C. State Board of Elections, et al.*, Nos. 24CV041789 (Wake Super. Ct.), P25-30 (N.C. Ct. App.), 51P25 (N.C.), 5:24-cv-00003 (E.D.N.C.), and 25-1021 (4th Cir.);

d. Drafting a proposed order (submitted January 13) in *Holland v. N.C. State Board of Elections*, No. 24CV041543 (Wake Co. Super. Ct.);

e. Drafting a proposed order (submitted January 20) in *Cummings v. N.C. State Board of Elections,* No. 24CV002019 (Wake Super. Ct.);

f. Compiling an agency record (filed January 25) in *RNC, et al., v. N.C. State Board of Elections, et al.,* No. 24CV28888-910 (Wake. Super. Ct.);

g. Drafting a reply brief (filed January 27) in *N.C. A. Philip Randolph, et al., v. N.C. State Board of Elections, et al.,* No. 24-1512 (4th Cir.);

h. Attending pretrial conference (January 27) and attending trial (February 3 and 4) in *Pierce, et al., v. N.C. State Board of Elections, et. al,* 4:23-cv-193 (E.D.N.C.); and

i. Drafting an appellant's brief (due March 7) in *Allman v. Swain Co. Board of Elections, et al,* No. 24-922; responding to ongoing discovery requests in *Democracy N.C., et. al., v. Hirsch, et al.,* No. 1:23-cv-878 (M.D.N.C.).

22. Thus, if the Court concludes that a stay is not appropriate, it is respectfully requested that these other obligations justify an additional extension of time to respond to the motion for fees. The length of time requested is based upon both the obligations that are certain to arise in several of the actions cited above, but also based upon personal reasons of undersigned counsel. Ms. Babb has accepted a new position in state government and will cease to be counsel for the State Board at the end of this month. Mr. Steed is scheduled to take a pre-paid vacation beginning on March 7, 2025 and not returning until March 22, 2025. As a result, State Board Defendants respectfully request the additional time to allow for preparation of a response.

6

23. For the reasons noted above, good cause exists to grant this motion.

24. Plaintiffs' counsel was consulted, but has not provided a response to this request and said they will respond after reviewing the motion.

25. Intervenor-Plaintiffs' counsel was consulted, and responded as follows: "Since *Lackey v. Stinnie* only addresses the issue of fees relating to a win on preliminary injunction, we don't think it impacts the disposition of this case on the merits. For that reason, we will oppose any stay of all proceedings. We take no position on whether the Court should stay proceedings on Plaintiffs' motion for attorney's fees."

26. This is Defendants' first request for a stay. Regarding the alternative requested relief, this would be Defendants' third request for an extension of the time within which to respond to Plaintiffs' Motion for Attorneys' Fees and Costs. This motion is being made one day after the deadline that was requested, but not yet ruled upon by the Court, due to inadvertent oversight by undersigned counsel, and is not being made for any improper purpose. Undersigned counsel believe that the stay is reasonable under these circumstances and the extension would provide sufficient time to respond to the motion.

27. To the extent excusable neglect must be shown for the alternative request for an extension, undersigned counsel relies upon the obligations in other matters detailed above, which have consumed an extraordinary amount of time and effort over the last 60 days. Inadvertent delay in bringing this motion by one day (or alternatively a 30-day delay since the previous extension request was filed) does not prejudice Plaintiffs or Intervenor-Plaintiffs and will not negatively impact judicial proceedings for the same reasons supporting the motion to stay, in that a delay here is likely to positively these proceedings by making resolution more likely. Finally, undersigned counsel has acted in good faith, has engaged in negotiations with Plaintiffs regarding the fees

issues, and the delay in bringing this request to the Court is due to undersigned counsel's inadvertence, not any action or inaction by State Board Defendants. *See Knechtges v. NC Dep't of Pub. Safety*, No. 5:21-CV-225-BO, 2023 U.S. Dist. LEXIS 132740, at *5-6 (E.D.N.C. July 31, 2023).

28. A proposed order granting the instant motion is attached for the Court's consideration.

WHEREFORE, the State Board Defendants respectfully request that the Court stay this matter until the Supreme Court issues its ruling in *Lackey v. Stinnie*, Case No. 23-621. In the alternative, if the Court disagrees with the requested stay, State Board Defendants respectfully request that the Court enter an order extending the deadline within which to respond Plaintiffs' Motion for Attorneys' Fees and Costs up to and including April 17, 2025.

Respectfully submitted this the 18th day of February, 2025.

> NORTH CAROLINA
> DEPARTMENT OF JUSTICE
>
> /s/ Terence Steed
> Terence Steed
> Special Deputy Attorney General
> N.C. State Bar No. 52809
> E-mail: tsteed@ncdoj.gov
>
> N.C. Department of Justice
> Post Office Box 629
> Raleigh, North Carolina 27602-0629
> Telephone: (919) 716-6567
> Facsimile: (919) 716-6763
>
> *Attorney for State Board Defendants*