IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| JOHNNY THOMAS ORTIZ II, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> NORTH CAROLINA STATE BOARD OF ELECTIONS, *et al.*, <br><br> Defendants. | Civil Action No.: 5:24-cv-420 <br><br> **PLAINTIFFS' MEMORADUM IN FURTHER SUPPORT OF SUMMARY JUDGMENT** |

Defendants' Response to Plaintiffs' Summary Judgment admits all factual allegations and fails to contest that their refusal to certify JFA as a political party in 2024 was unconstitutional. As such, there is no material factual dispute and summary judgment is warranted. Defendants' brief only raised mootness, claiming that because JFA did not receive the requisite percentage of the vote to maintain itself as a political party, that there is no live case and controversy. But this makes no sense. First, JFA is not the Plaintiff here. Voters seeking to align themselves with JFA's candidates are the plaintiffs. Second, it is precisely because JFA did not receive enough votes to maintain political party status that this case is *not* moot. Plaintiffs, if they want to align themselves with their candidate of choice in a future election, will need to go through the process for certification all over again. This makes it all the more important that the Court grant Plaintiffs the declaratory judgment (Compl. p. 17) sought in this matter, to declare the State Board's 2024 conduct with respect to JFA unconstitutional, so that it cannot be repeated in a future cycle.

For decades, this nation has recognized a deeply rooted constitutional right to establish new political parties. This case is a textbook example of Plaintiffs exercising those rights. Despite

1

Defendants' assertions, Plaintiffs' interests are not moot and are able to be afforded relief. First, Defendants' suspicious (and preliminarily enjoined) practices surrounding certification procedures for political parties are "capable of repetition yet evading review," squarely fitting into an exception to mootness commonly used in election disputes. Furthermore, Defendants' conduct falls into the voluntary cessation exception for mootness, since they failed to establish that their behavior regarding certification practices will not be repeated in future election cycles. Finally, the Court's preliminary injunction did not grant Plaintiffs the requested declaratory judgment sought in their Complaint. For the foregoing reasons, Plaintiffs' have an actual and present interest in declaratory relief from this Court.

## ARGUMENT

### I. Plaintiffs' Claims are Ripe and Remain at Issue.

The present case details a substantial abridgement of Plaintiffs' First and Fourteenth Amendment rights. (Compl. ¶ 2). Specifically, Defendants' actions have caused a violation of Plaintiffs' rights "to speak and associate for political purposes, to grow and develop their political party, to petition, and of their right of due process as guaranteed by the First and Fourteenth Amendments." *Id.* Despite these infringements, Defendants asserts that, in light of the 2024 election results, Plaintiffs' claim for relief is moot. [D.E. 89 at 4]. In particular, Defendants claim that, because JFA did not receive enough votes from the 2024 election to maintain its status as a certified political party, Plaintiffs lack a cognizable interest in relief. [D.E. 89 at 5]. However, Defendants' arguments mistakenly conflate Plaintiffs' First and Fourteenth Amendment rights, which have been pled in their Complaint, with an alleged right to status as a certified political party.

Plaintiffs have not pled a right to, or sought relief for, an ongoing status as a certified political party. Instead, Plaintiffs alleged that Defendants' application of N.C.G.S. § 163-98 is an as-applied violation of their constitutional rights.[1] (Compl. ¶ 69-80). The right to involvement in the political process is one that is deeply rooted in this nation's history and tradition:

> For…decades, this Court has recognized the constitutional right of citizens to create and develop new political parties. The right derives from the First and Fourteenth Amendments and advances the constitutional interest of like-minded voters to gather in pursuit of common political ends, thus enlarging the opportunities of all voters to express their own political preferences.

*Norman v. Reed*, 502 U.S. 279, 288 (1992). This is precisely the right Plaintiffs assert in this case. Defendants attempt to sidestep recognition of these deeply rooted rights by arguing semantics, asserting that because JFA did not get enough signatures to maintain its status as a certified political party, that no relief would be effective here. [D.E. 89 at 5]. However, whether JFA maintained its status as a certified political party in this case would be of no consequence. Constitutional protections are not forfeited through the status of one's political party. The rights at issue here have to do with the creation and development of a political party through the certification process, not the maintenance of that party after-the-fact. (Compl. ¶ 69-80). Therefore, the relief being sought here is not to be reinstated as a certified political party, but instead achieving a reliable and constitutional certification process that can be utilized in the future, through their request for a Declaratory Judgment. *Ellis v. Railway Clerks,* 466 U.S. 435, 442 (1984) (holding that a controversy remains live if the plaintiff possesses a "concrete interest, however, small, in the outcome of the litigation."); *N.C. State Conference of the NAACP v. McCrory*, 831 F.3d 204, 239-40 (4th Cir. 2016).

---

[1] "Capable of repetition, yet evading review" mootness exception is not limited to facial challenges but may also apply to as-applied challenges. *Fed. Election Comm'n v. Wisconsin Right to Life, Inc.*, 551 U.S. 449, 463 (2007).

**II.     Defendants' Actions Are Capable of Repetition and Evading Review.**

The Supreme Court has recognized that in cases challenging rules governing elections, there often is not sufficient time between the filing of the complaint and the election to resolve the issues. *Am. C.L. Union v. The Fla. Bar*, 999 F.2d 1486, 1496 (11th Cir. 1993) (citing *Moore v. Ogilvie,* 394 U.S. 814 (1969)). Thus, the Supreme Court has allowed such challenges to go forward under the "capable of repetition yet evading review" exception to the mootness doctrine. *Id.* The Supreme Court in *Murphy v. Hunt* established a two-part test for analyzing whether a case is capable of repetition yet evading review. 455 U.S. 478, 482-3 (1982). First, there must be a "reasonable expectation that the same complaining party would be subjected to the same action again," and that the "challenged action was in its duration too short to be fully litigated prior to its cessation or expiration." *Id.* Furthermore, "[e]lection-related disputes qualify as 'capable of repetition' when 'there is a reasonable expectation that the challenged provisions will be applied against the plaintiffs again during future election cycles.'" *Lux v. Judd*, 651 F.3d 396, 401 (4th Cir. 2011). Both elements are met here.

**A. Violations of Plaintiffs' Rights are Capable of Repetition.**

First, there is a reasonable expectation that the same controversy will occur in this case. In *Norman*, the Supreme Court addressed a similar case on mootness grounds and held that "the controversy is not moot even though the 1990 election is over, both because it is 'capable of repetition, yet evading review,' and because the results of the election will entitle HWP to enter the next election as an established political party..." *Norman,* 502 U.S. 279 at 280. The facts in *Norman* closely mirror the facts from the case at hand. In *Norman*, petitioners attempted to establish a political party in Chicago but ran into issues with the Cook County Election Board in relation to its name and a statutory signature requirement. *Id.* However, the petitioner's motion to

stay was granted and they were permitted to run in the election, where they subsequently received enough votes (5%) to establish them as a political party in the next election. *Id.* The petitioners subsequently proceeded with an action about the constitutionality of the election statutes. *Id.* at 284-85. The Supreme Court held that the issue was not moot, and importantly noted that "even if the issue before us were limited to petitioners' eligibility to use the Party name on the 1990 ballot, that issue would be worthy of resolution as 'capable of repetition, yet evading review.'" *Id.* at 280, 288. The Court emphasized that "there would be every reason to expect the same parties to generate a similar, future controversy subject to identical time constrains if [the Court] should fail to resolve the constitutional issues that arose in 1990." *Id.*

The same issue is present regarding the violation of Plaintiffs' rights. In fact, the Supreme Court's acknowledgement that, even if the issue were limited to the 1990 ballot itself (regardless of whether election results certified the party) the issue of certification would still not be moot, provides a straightforward answer and flatly rejects Defendants' contentions. Defendants attempt to paint this case as moot by focusing solely on the results post-election, whereas the issue here and rights in question involve certification procedures prior to the 2024 election. [D.E. 82 at 4-5]. Since the Supreme Court in *Norman* held that the petitioner becoming certified through obtaining 5% of the vote was not necessary to circumvent mootness, the election results should similarly bear no weight on the Court's decision here. Since the constitutionality of certification statutes, and the application of those statutes, are not issues that can be mooted by a party's status post-election, Plaintiffs have a cognizable interest in relief pertaining to how N.C.G.S. § 163-96 was applied against them.

Furthermore, like in *Norman*, there is "every reason to expect the same parties to generate a similar, future controversy" within this case. *Id.* at 288. This standard is not a stringent one when

challenging election practices. *See Leake,* 524 F.3d at 435 (holding that "there is a reasonable expectation that the challenged provisions will be applied against the plaintiffs again during future election cycles"; rejecting "the argument that an ex-candidates claims may be 'capable of repetition yet evading review' only if the ex-candidate specifically alleges an intent to run again in a future election"); *see also Honig v. Doe*, 484 U.S. 305, 318-19 n.6 (1988) ("our concern in these cases, as in all others involving potentially moot claims, was whether the controversy was *capable* of repetition and not … whether the claimant had demonstrated that a recurrence of the dispute was more probable than not.").

The Defendants' actions are certainly capable of repetition here. In fact, the State Board has established a pattern of prejudicing potential political parties through their failures to properly investigate or certify. *See N.C. Green Party v. N.C. State Bd. of Elections*, 620 F. Supp. 3d 407 (E.D.N.C. 2022). In their response, Defendants argue unconvincingly that this case and *N.C. Green Party* are factually distinct because the Board in *N.C. Green Party* denied the Green Party's certification *before* investigating, whereas in this case the Board unilaterally denied Plaintiffs' new party certification, which Plaintiffs subsequently challenged. [D.E. 89 at 8-9]. While not completely identical, there is an undeniable pattern of the Defendants engaging in dubious conduct pertaining to the certification process for new political parties. [D.E. 83 at 5 n.1]. Semantically distinguishing the two different ways in which the Board engaged in suspicious conduct surrounding certification does not sever the pattern that is present in this case. *See Sharma v. Hirsch*, 121 F.4th 1033, 1039 n.1 (4th Cir. 2024), *cert. denied*, 145 S. Ct. 1966 (2025) (holding that there was an established repetition where a plaintiff brought similar claims to a prior election dispute, noting that "where repeated conduct is before the court in the present, the prospect of future repetition becomes all the more likely").

Defendants also assert that *N.C. Green Party* is distinguished from this case on mootness grounds. Defendants argue that in *N.C. Green Party*, "the Court found that enjoining the candidate filing deadline remained as viable relief that could still be granted to the party," whereas Plaintiffs here "have already received their relief… sought, and there are no other prospective events that require this Court to enforce compliance." [D.E. 89 at 8-9]. In *N.C. Green Party*, as the Defendants acknowledge, the Board ultimately certified the Green Party on their own after their initial denial. *N. C. Green Party,* 619 F. Supp. 3d at 564. Therefore, their remaining request for relief was enjoining the Board from enforcing the deadline. *Id.* at 564-565. Here, Defendants did not certify JFA on their own, but through complying with this Court's preliminary injunction. [D.E. 82 at 5-6]. Absent the declaratory judgment Plaintiffs sought and have not yet received in this case, this leaves Defendants able to repeat the same unconstitutional process next election cycle.

### B. The Time Frame is Too Short to be Fully Litigated

The challenged action was in its duration too short to be fully litigated prior to its cessation or expiration. The Eleventh Circuit has addressed this same question when analyzing a challenge to a Canon of Judicial Conduct on First Amendment grounds leading up to a judicial election. *Am. C.L. Union*, 999 F.2d at 1487-1488. The Eleventh Circuit held that "because [the] action was not fully adjudicated before the state judicial elections in November, 1990" the durational prong of this mootness exception was satisfied. *Id.* at 1496. Moreover, any future issues with certification will likely also be too short in time to reach a final decision because of the compressed election schedule.

In opposition to this, Defendants assert that "the passage of time did not moot Plaintiffs' claims; JFA's failure to obtain the necessary support to remain a certified party has mooted its claims," contending that Plaintiffs' current status disqualifies their opportunity for relief, "[u]nlike

7

Case 5:24-cv-00420-BO-BM     Document 93     Filed 08/04/25     Page 7 of 12

the comparative satiation of the Green Party, where the issues would remain viable as it remains a certified party in North Carolina." [D.E. 89 at 7]. This assertion flies in the face of the Supreme Court's decision in *Norman*, which asserted that "[e]ven if the issue before us were limited to petitioners' eligibility to use the Party name on the 1990 ballot, that issue would be worthy of resolution as 'capable of repetition, yet evading review.'" *Norman,* 502 U.S. 279 at 288. Therefore, Plaintiffs' status, or lack thereof, as a certified political party does not moot their claim to anything pertaining to events leading up to the 2024 election. Moreover, Defendants are conflating the failure to maintain political party status (unchallenged) with the certification process actually challenged here.

Defendants also argue that "Plaintiffs' own strategic choice to forego the statutory process for review" also contributed to mootness, asserting that the present case was not short in duration because it could have been petitioned for Judicial Review with the Superior Court of Wake County. [D.E. 89 at 7]. However, with their assertion, Defendants turn a blind eye to the fact that "[i]t is undisputed that [an] election cycle is too short in duration for election disputes to be fully litigated within a single cycle." *Stop Reckless Econ. Instability Caused by Democrats v. Fed. Election Comm'n*, 814 F.3d 221, 232 (4th Cir. 2016) (citing *Moore,* 394 U.S. at 816).[2] Therefore, since this dispute dealt with certifications leading up to the 2024 election, the relevant timeframe qualifies as being too short to be fully litigated in 2024 or in the future.

**II.     Under the doctrine of voluntary cessation, Plaintiffs' interest in relief is still not moot.**

*Friends of the Earth, Inc. v. Laidlaw Envt'l Servs. (TOC), Inc.*, 528 U.S. 167 (2000) addressed an additional exception to mootness, voluntary cessation. Here, the Supreme Court

---

[2] "Notably, the Supreme Court has found a period of as long as two years too short to complete judicial review in the context of the exception for wrongs capable of repetition yet evading review." *Lighthouse Fellowship Church v. Northam*, 20 F.4th 157, 165 (4th Cir. 2021) (citing *Kingdomware Techs., Inc. v. United States*, 579 U.S. 162 (2016).

asserted that "a case might become moot if subsequent events make it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Id.* at 170. Defendants recognized that *Friends of Earth* addressed the "stringent" requirements for a defendant's voluntary cessation of conduct to moot a case, however, Defendants attempt to circumvent this precedent by again asserting that Plaintiffs' claims are moot, not by Defendants' own cessation, but because of the results of the 2024 election. *Id.* This argument again misses the mark and ignores the underlying principle of *Friends of Earth*, which was predominantly concerned that rendering a case moot would "leave the defendant free to return to its old ways." *Friends of the Earth,* 528 U.S. at 170.

What Defendants do get right, however, is that this stringent standard is "no help" here. [D.E. 89 at 9]. If this Court were to analyze this exception to mootness, it becomes abundantly clear that Defendants have made no assertions that the same actions will not be repeated in the future. In fact, Defendants continue to qualify the Board's actions making assertions such as "whether the State Board was correct or incorrect in its initial determination to deny JFA certification as a party," and "whether the State Board Defendants acted unlawfully, is no longer a live controversy. Whether the State Board was correct or incorrect, the outcome is the same." [D.E. 89 at 2, 5]. Therefore, should this Court feel inclined to analyze this exception to mootness, it would find that Defendants have not made any attempt to satisfy the "stringent" standard of demonstrating that the same actions will not occur next election cycle. *Friends of Earth*, 528 U.S. at 189-94.

## **CONCLUSION**

Under either exception, capable of repetition and evading review, or voluntary cessation, Plaintiffs' claims here are not moot. There is a present and actual issue before this Court, namely

whether Plaintiffs are entitled to a declaratory judgment. Because Defendants fail to argue the merits, and because Defendants have admitted all the factual allegations, Plaintiffs are entitled to Summary Judgment as a matter of law.

Respectfully submitted this the 4th day of August, 2025

        **NELSON MULLINS RILEY &**
        **SCARBOROUGH LLP**

        /s/ Phillip J. Strach
        Phillip J. Strach
        N.C. State Bar No. 29456
        Alyssa M. Riggins
        N.C. State Bar No. 52366
        Cassie A. Holt
        N.C. State Bar No. 56505
        301 Hillsborough Street, Suite 1400
        Raleigh, NC 27603
        Telephone: (919) 329-3800
        Facsimile: (919) 329-3779
        Phil.strach@nelsonmullins.com
        Alyssa.riggins@nelsonmullins.com
        Cassie.holt@nelsonmullins.com

## CERTIFICATE OF COMPLIANCE

I, Phillip J. Strach, hereby certify that this document complies with the applicable word limit provided under EDNC Local Rule 7.2(f)(2) as it does not exceed ten pages, as indicated by the word processing software used in preparing this document.

Respectfully submitted this, the 4th day of August, 2025.

**NELSON MULLINS RILEY & SCARBOROUGH LLP**

/s/ Phillip J. Strach
Phillip J. Strach
N.C. State Bar No. 29456

**CERTIFICATE OF SERVICE**

I, Phillip J. Strach, hereby certify that I have this day electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a copy of the same to all counsel of record in the above-captioned matter.

This the 4th day of August, 2025.

**NELSON MULLINS RILEY & SCARBOROUGH LLP**

/s/ Phillip J. Strach
Phillip J. Strach
N.C. State Bar No. 29456